UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENLEY FINANCE, LTD., | No. 2:20-cv-01834-TLN-KJN |
| Plaintiff, | |
| v. | **ORDER** |
| GOYETTE & ASSOCIATES, INC.; and BIOSCIENCE ENTERPRISES, INC., | |
| Defendants. | |

      This matter is before the Court on Evers Law Group, A.P.C.'s ("ELG") Motion to Withdraw as Counsel for Defendant BioScience Enterprises, Inc. ("BioScience"). (ECF No. 23.) Plaintiff Henley Finance, Ltd. ("Plaintiff") and Defendant Goyette & Associates, Inc. ("Goyette") filed non-oppositions.[1] (ECF Nos. 26, 27.) ELG filed a reply. (ECF No. 28.) For the reasons set forth below, the Court GRANTS ELG's motion.

      The local rules of this district require an attorney who would withdraw and leave his or her client without representation to obtain leave of court upon a noticed motion. E.D. Cal. L.R.

---

[1] Plaintiff filed a "conditional" non-opposition indicating it does not object to the withdrawal so long as it does not interrupt or negatively affect the completion of discovery and witness deposition before December 1, 2022. (ECF No. 26.) Because both conditions have been satisfied (*see* ECF No. 28 at 3), it appears Plaintiff's concerns are now moot.

1

1   182(d).  Local Rule 182(d) also requires an attorney to provide notice to the client and all other

2   parties who have appeared, and an affidavit stating the current or last known address of the client.

3   *Id.*  Finally, to comply with Local Rule 182(d), the attorney must conform to the requirements of

4   the California Rules of Professional Conduct.  *Id.*

5         The decision to grant or deny a motion to withdraw is within a court's discretion.

6   *McNally v. Eye Dog Found. for the Blind, Inc.*, No. 09-cv-AWI-SKO-01174, 2011 WL 1087117,

7   at *1 (E.D. Cal. Mar. 24, 2011).  District courts within this circuit have considered several factors

8   when evaluating a motion to withdraw, including the reason for withdrawal, prejudice to the

9   client, prejudice to the other litigants, harm to the administration of justice, and possible delay.

10  *See*, *e.g.*, *Deal v. Countrywide Home Loans*, No. 09-cv-01643-SBA, 2010 WL 3702459, at *2

11  (N.D. Cal. Sept. 15, 2010); *CE Res., Inc. v. Magellan Group, LLC*, No. 2:08-cv-02999-MCE-

12  KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009); *Beard v. Shuttermart of Cal., Inc.*, No.

13  07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008).

14        ELG states that BioScience is in breach of its obligation to pay attorney's fees and costs,

15  which has made it unreasonably difficult for ELG to carry out representation effectively.  (ECF

16  No. 23-1 at 3.)  ELG also states it informed BioScience on September 20, 2022 and October 12,

17  2022, of its intent to withdraw from this matter if the breach was not cured.  (*Id.*)

18        ELG moves to withdraw pursuant to: (1) California Rule of Professional Conduct

19  1.16(b)(4), which allows for withdrawal when a client's conduct "renders it unreasonably difficult

20  for [counsel] to carry out the employment effectively"; and (2) California Rule of Professional

21  Conduct 1.16(b)(5), which allows for withdrawal when "the client breaches a material term of an

22  agreement with, or obligation to, the lawyer relating to the representation."  (*Id.*)  Absent any

23  evidence or argument to the contrary, the Court concludes BioScience has breached a material

24  term of its agreement with ELG and it is unreasonably difficult for ELG to proceed as counsel.

25  Therefore, the Court finds there is good cause for ELG to withdraw.

26        The Court also finds there is a low risk of prejudice if the motion is granted.  Plaintiff and

27  Goyette have filed non-oppositions, which indicates the risk of prejudice to other litigants is

28  minimal.  Further, this case is at an early stage and no trial date has been set.  Lastly, the Court

cannot identify any harm to the administration of justice or possible delay that would result from granting ELG's motion to withdraw.

For the foregoing reasons, the Court hereby GRANTS the Motion to Withdraw. (ECF No. 23.) Additionally, Local Rule 183(a) states "[a] corporation or other entity may appear only by an attorney." Because BioScience is a corporate entity and not an individual, it is barred from appearing in propria persona. Accordingly, BioScience has forty-five (45) days from the entry of this Order to acquire new representation and file a notice of appearance by new counsel. The Clerk of Court is directed to serve this Order on BioScience at its last known address, 1220 Knollwood Circle, Anaheim, CA 92801.

IT IS SO ORDERED.

**DATED:  January 2, 2023**

_____
Troy L. Nunley
United States District Judge